UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CHARTER COMMUNICATIONS )
HOLDING CO., LLC, et al., )
 )
    Plaintiffs, )
 )
  vs. )   Case No. 4:09CV730 RWS
 )
DIRECTV, INC., )
 )
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before me on DirecTv's motion to dismiss Charter's federal claims[1] for failure to state claims under Fed. R. Civ. P. 12(b)(6) and motion to dismiss Charter's state law claims[2] under Rule 12(b)(1).[3] When deciding a motion to dismiss under Rule 12(b)(6), the court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "The motion will succeed or fail

---

[1]Count I of Charter's verified complaint alleges violations of the Lanham Act, 15 U.S.C. § 1125(a).

[2]Charter brings state law claims for tortious interference with contract (Count II), tortious interference with business expectancy or prospective business relationships (Count III), injurious falsehoods (Count IV), defamation (Count V), and violations of the Consumer Fraud and Deceptive Business Practices Acts of several states (Count VI).

[3]DirecTv argues that this Court should decline to exercise supplemental jurisdiction over Charter's state-law claims in the event that the federal claims are dismissed under Rule 12(b)(6).

based upon the allegations contained in the face of the complaint." McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations in the complaint must be more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Having carefully considered Charter's allegations in light of the relevant standards, DirecTv's motion to dismiss the federal claims must be denied. Whether Charter will ultimately prevail on their federal claims is not before me at this stage of the proceedings. DirecTv's motion to dismiss under Rule 12(b)(6) will be denied.

Because I am not dismissing Charter's federal claims, I must also deny DirecTv's request to decline to exercise supplemental jurisdiction over Charter's state law claims. DirecTv's motion to dismiss under Rule 12(b)(1) will be denied.

Finally, DirecTv moves to increase the amount of bond in connection with the temporary restraining order from $15,000.00 to $100,000.00. DirecTv has failed to demonstrate that the requested increase in bond is necessary because the amount of the current bond does not bear a rational relationship to DirecTv's damages in the event it is later determined that the injunction was improvidently

entered. See In re President Casinos, Inc., 360 B.R. 262, 266 (8th Cir. 2007). The motion will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to increase the amount of bond [#27] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [#29] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of June, 2009.